UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HEARN, CDCR #AR7111,<br><br>                    Plaintiff,<br><br>vs.<br><br>WARDEN, R.J. Donovan Correctional Facility, E. FRIJAS, Correctional Counselor II; M. POLLARD, Reviewer Authority; JOHN DOES 1–8, Correctional Officers.<br><br>                    Defendants. | Case No. 3:22-cv-00255-TWR-AGS<br><br>**ORDER:**<br><br>**1) DISMISSING EIGHTH AMENDMENT CLAIMS AGAINST WARDEN, POLLARD, AND FRIJAS PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3).** |

      William Hearn ("Plaintiff" or "Hearn"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), and proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983 on February 24, 2022. (*See* ECF No. 1 ("Compl.").) Hearn did not pay the $402 civil filing fee; instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

Hearn claims RJD's Warden, Correctional Counselor E. Frijas, Reviewer Authority M. Pollard, and John Doe Correctional Officers 1–8 violated his First and Eighth Amendment in April 2021 when they "crush[ed] [his] hand" in a cell door and delayed medical treatment after his injury in retaliation for "snitching on staff." (*See* Compl., at 1–4; Mem. in Supp., ECF No. 1-2 at 2–5.)

## I. Procedural History

On June 13, 2022, the Court granted Hearn's IFP motion and screened his Complaint as required by 28 U.S.C. § 1915(e)(2)(B) and 1915A. (*See* ECF No. 5.) The Court dismissed Hearn's Eighth Amendment excessive force and medical care claims against the Warden, Frijas, and Pollard *sua sponte* for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), *see id.* at 7–8, but found he nevertheless alleged plausible Eighth Amendment excessive force and delayed medical care claims against Does 1 to 8, as well as a First Amendment retaliation claim against the Warden, Frijas, and Pollard. (*Id.* at 9–11.)

The Court then offered Hearn two options: (1) to file a Notice of Intent to Proceed with his Eighth Amendment claims against Defendants Does 1 to 8 and his First Amendment retaliation claim against RJD Warden, Frijas, Pollard, and Does 1 to 8 only; or (2) to file an Amended Complaint correcting all the deficiencies of pleading identified by the Court. (*Id.* at 11–12.) Hearn was also advised that any claims not re-alleged in an Amended Complaint would be considered waived. (*Id.* at 12, *citing* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").)

## II. Discussion

On June 23, 2022, Hearn chose the first option by filing a document entitled "Notice of Intent to Proceed With His Complaint As Filed." (*See* ECF No. 6). Hearn's Notice clearly states that that in lieu of amendment, he instead "chooses to proceed as to his Eighth

Amendment claim[s] against Defendants Does 1 to 8, and his First Amendment retaliation claim against the Warden, Frijas, Pollard, and John Does 1 to 8 only." (*See id.* at 1.) Hearn acknowledges that he is not yet able to name Correctiona Officer John Does 1 to 8, but indicates he will later pursue discovery and amend his pleading once he can identify them. (*Id.*)

Accordingly, Hearn's Eighth Amendment claims against the Warden, Frijas, and Pollard remain dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for the reasons explained in the Court's June 13, 2022 Order. However, because cognizable First Amendment retaliation claims alleged against the Warden, Frijas, and Pollard remain and are "sufficient to meet the low threshold for proceeding past the screening stage," *see Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), the Court will order the U.S. Marshal to effect service of summons and Hearn's Complaint upon those Defendants pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).[1]

---

[1] However, as the Court has also previously noted, Hearn must first identify Correctional Officer Does 1 to 8 and substitute their true names in an amended pleading before the United States Marshal will be ordered or able to execute service upon them. (*See* ECF No. 5 at 9 n.2, citing *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m)). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most instances it is impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant."). However, the Court does not dismiss Hearn's claims against Does 1 to 8 at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits him the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or his pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

### III.     Conclusion and Orders

For the reasons explained, the Court:

1) **DISMISSES** Hearn's Eighth Amendment claims against Defendants Warden of RJD, E. Frijas, and M. Pollard for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

2) **DIRECTS** the Clerk to issue a summons as to Hearn's Complaint (ECF No. 1) upon Defendants Warden of RJD, E. Frijas, and M. Pollard and forward it to Hearn along with blank U.S. Marshal Form 285s for these Defendants. In addition, the Clerk will provide Hearn with a certified copy of its June 13, 2022 Order granting leave to proceed IFP (ECF No. 5), a certified copy of his Complaint, and the summons so that he may serve the Warden RJD, E. Frijas, and M. Pollard. Upon receipt of this "IFP Package," Hearn must complete the USM Form 285s as completely and accurately as possible, include addresses where the Warden of RJD, E. Frijas, and M. Pollard may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return them to the U.S. Marshal according to the instructions the Clerk provides.

3) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Warden of RJD, E. Frijas, and M. Pollard as directed by Hearn on the USM Form 285s provided, and to file executed waivers of personal service upon each of these Defendants with the Clerk of Court as soon as possible after their return. Should any of these Defendants fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Complaint, and request for waiver was mailed to that Defendant, and indicate why service upon that party remains unexecuted. All costs of U.S. Marshal service will be advanced by the United States; however, *if a Defendant located within the United States fails, without good cause, to sign and return the waiver requested by the Marshal on Hearn's behalf, the Court will impose upon that Defendant any expenses later incurred in making personal service*. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

4)      **ORDERS** the Warden of RJD, E. Frijas, and M. Pollard, once served, to reply to Hearn's Complaint, *and any subsequent pleading he may file in this matter in which they are named as parties*, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

5)      **ORDERS** Hearn, after service has been effected by the U.S. Marshal, to serve upon the Warden of RJD, E. Frijas, and M. Pollard, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Hearn must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.

**IT IS SO ORDERED**.

Dated: July 18, 2022

_____
Honorable Todd W. Robinson
United States District Judge