1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| WILLIAM HEARN, CDCR #AS-7111,<br><br>                                    Plaintiff,<br><br>v.<br><br>RJD WARDEN, et al.,<br><br>                                    Defendants. | Case No.:  22-cv-255-TWR-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE**<br><br>**[Dkt. No. 27]** |

17
18
19
20
21

     Plaintiff William Hearn ("Plaintiff"), an inmate currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court is Plaintiff's Motion for Recruitment or Appointment of Pro Bono Publico [Counsel] (the "Motion").  Dkt. No. 27. For the reasons that follow, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

22
23

## I.

## BACKGROUND

24
25
26
27
28

     Plaintiff filed his complaint on February 24, 2022, alleging that Defendants violated his rights under the First and Eighth Amendments to the United States Constitution.  *See generally* Dkt. No. 1.  Plaintiff concurrently moved to proceed *in forma pauperis.* Dkt. No. 2.  By Order dated June 13, 2022, the District Court granted the *in forma pauperis* motion, dismissed some – but not all – of Plaintiff's claims pursuant to the *sua sponte* screening

required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and directed service of the complaint by the U.S. Marshals. *See* Dkt. No. 5.

On September 29, 2022, Defendants Pollard and Frijas filed a motion to dismiss Plaintiff's complaint (the "Motion to Dismiss"). Dkt. No. 15. On October 20, 2022, Plaintiff filed his opposition to the Motion to Dismiss. Dkt. No. 25. On November 17, 2022, before briefing was complete on the Motion to Dismiss, Plaintiff filed a First Amended Complaint. Dkt. No. 26. Defendant RJD Warden has not yet appeared, no order has issued on the Motion to Dismiss, and no defendant has answered Plaintiff's initial or amended complaint.

Also on November 17, 2022, Plaintiff filed the instant Motion. Plaintiff asserts that counsel should be appointed to represent him for the following reasons: (1) he is unable to afford or secure counsel; (2) the issues involved in the case are complex and require expert testimony; (3) Plaintiff's access to the law library is limited; (4) he has "sever[e] mental health and medical issues including a hearing impairment;" (5) Plaintiff has no knowledge of the law; and (6) he has only an eighth-grade education. *See* Dkt. No. 27 at 1.

## II.

## <u>DISCUSSION</u>

"There is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). However, District Courts have discretion to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "That a *pro se* litigant may be better served with the assistance of counsel is not the test." *Okler v. MCC IMU Prison*, No. 3:18-cv-05458-RJB-TLF, 2019 WL 461143, at *1 (W.D. Wash. Feb. 5, 2019). Instead, the Court "must determine whether . . . there is a likelihood of success on the merits" ***and*** whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014). Neither factor is "dispositive" but "must be considered cumulatively." *Id.*

**A.      Likelihood of Success**

The Court first considers whether Plaintiff is likely to succeed on the merits of his claim.  Plaintiff states that his "verified complaint supports the appointment of counsel," and points to the allegations in his complaint as "proof" that Defendants violated CDCR policy.  Dkt. No. 27 at 2, 4.  The Court observes, however, that Plaintiff's allegations that Defendants violated his constitutional rights remain unproven.  At this early stage of the proceedings, there is no basis upon which the Court can predict Plaintiff's success at trial. *See Campos v. K.U.S.I. News Media*, No. 3:19-cv-01455-BAS-AGS, 2019 WL 4674290, at *2 (S.D. Cal. Sept. 24, 2019) (denying prisoner's motion to appoint counsel where it "[was] simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim"). The Court therefore finds that this factor weighs against the appointment of counsel.

**B.      Plaintiff's Ability to Pursue His Claims**

Plaintiff states that the "question" for the Court is not "whether or not plaintiff can articulate [his claims] to the Court . . .." Dkt. No. 27 at 3.  To the contrary, that is precisely the question the Ninth Circuit directs the Court to consider.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("When determining whether 'exceptional circumstances' exist, a court ***must consider*** . . . the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved") (emphasis added).  The Court therefore addresses each of the factors that Plaintiff asserts impair his ability to effectively articulate his claims.

Plaintiff complains that he "lack[s] legal knowledge" and has an "8th grade education." Dkt. No. 27 at 3.  However, because most incarcerated litigants are not trained in the law, "[Plaintiff's] case is not exceptional." *Williams v. Lozano*, No. 1:15-cv-01250-BAM (PC), 2018 WL 558765, at *1 (E.D. Cal. Jan. 25, 2018).  Plaintiff's claims do not appear to be legally or factually complex, and despite his lack of legal training, to date Plaintiff has filed two complaints, a motion to proceed *in forma pauperis*, a response to the District Court's June 13, 2022 Order, a motion for discovery, and the instant Motion.

Plaintiff's filings, while not always successful, are legible, organized, and supported by citations to legal authority. These filings demonstrate to the Court that Plaintiff "has a good grasp of basic litigation procedure and [is] able to articulate his claims adequately," and do not support a finding that "exceptional circumstances require[] . . . the appointment of counsel." *Leon v. Celaya*, No. 20-CV-00899-AJB-BGS, 2021 WL 533514, at *3 (S.D. Cal. Feb. 12, 2021) (citing *Palmer*, 560 F.3d at 970).

Plaintiff also states that "mental and health issues," including a hearing impairment for which Plaintiff requires the use of hearing aids, prevent him from litigating his case. *See* Dkt. No. 27 at 3. For the same reasons stated above, however, Plaintiff's health conditions have not prevented him from effectively advocating for himself in this litigation.

Plaintiff further states that due to his incarceration, he does not have "access" to a phone, a computer, the internet, or a "video processor" to be able to collect and review evidence, nor the "funds" to litigate his case. Dkt. No. 27 at 3. These hardships are shared by virtually all incarcerated litigants, however, and do not amount to exceptional circumstances. *See Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990); *see also Ritter v. McCabe*, No. 1:19-cv-00324-DAD-HBK, 2021 WL 6284104, at *1 (E.D. Cal. Dec. 20, 2021) (denying motion to appoint counsel and noting that "[a]lthough [p]laintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face") (collecting cases).

Plaintiff asserts he is "unable" to serve or "enforce compliance" with any discovery requests due to his incarceration and the "complexity" of the discovery process. Dkt. No. 27 at 2, 3. The Court disagrees, as the mechanisms for discovery under the Federal Rules of Civil Procedure, including a motion to compel a person to respond to discovery, are available to Plaintiff despite his incarceration. *See* Dkt. No. 22 (denying Plaintiff's motion for discovery and directing him to follow the Federal Rules). The Court reminds Plaintiff – and Defendants – that Defendants' compliance with the Federal Rules, and their good faith and cooperation in the discovery process, are also expected. If Plaintiff is unable to
///

resolve any discovery matter with Defendants or other responding parties after a thorough meet and confer, he may then seek the Court's assistance.

Finally, Plaintiff states that his access to the law library is inadequate due to "limited law library hours" and a "shortage of staff" at RJD.  Dkt. No. 27 at 3.  While the Court is sympathetic to the fact that Plaintiff's access to the law library may be limited under current conditions, as above, this situation is neither unique to Plaintiff nor an exceptional circumstance, as would be required for the appointment of counsel.[1]

For the foregoing reasons, the Court finds that none of the factors identified by Plaintiff, alone or in combination, demonstrate that he his unable to articulate his claims or advocate for himself in this action.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

---

[1]   If plaintiff is unable access the law library or otherwise requires additional time to meet the Court's deadlines, he may make such a request to the Court.  The Court will grant reasonable requests for additional time for good cause shown.

22-cv-255-TWR-DDL

## ORDER

For the reasons set forth above, the Court finds Plaintiff has not met his burden to establish exceptional circumstances warranting the appointment of counsel.[2]  Plaintiff's Motion for Recruitment or Appointment of Pro Bono Publico Counsel [Dkt. No. 27] is therefore **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims. *Cano*, 739 F.3d at 1219.

**IT IS SO ORDERED.**

Dated: December 2, 2022

_____
Hon. David D. Leshner
United States Magistrate Judge

---

[2]      On November 30, 2022, Defendants Pollard and Frijas filed an opposition to the Motion.  Dkt. No. 28.  It is not clear to the Court why Defendants would have any position on Plaintiff's Motion; regardless, it was Plaintiff's burden to demonstrate exceptional circumstances, and the Court's finding that on the record before it that he failed to do so is unaffected by Defendants' opposition.