UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HEARN, CDCR #AS-7111,<br><br>                                Plaintiff,<br><br>v.<br><br>RJD WARDEN et al.,<br><br>                                Defendants. | Case No.:  22-cv-255-TWR-DDL<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**<br><br>**[Dkt. No. 15]** |

Plaintiff William Hearn ("Plaintiff"), an inmate at Richard J. Donovan Correctional Facility ("RJD") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendants violated rights afforded to him by the First and Eighth Amendments to the U.S. Constitution.  *See generally* Dkt. Nos. 1, 26.  Before the Court is a Motion to Dismiss Plaintiff's Complaint (the "Motion to Dismiss") by Defendants E. Frijas ("Frijas") and M. Pollard ("Pollard," and, with Frijas, "Defendants").  Dkt. No. 15. Also before the Court is Plaintiff's First Amended Complaint (the "FAC").  Dkt. No. 26.  For the reasons stated below, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss as **MOOT**.

# I.

# **BACKGROUND**

Plaintiff filed his initial complaint in this action on February 24, 2022, asserting claims against the RJD Warden, E. Frijas, M. Pollard and Does 1 through 8 for violation of his constitutional rights.[1] Dkt. No. 1. Specifically, Plaintiff alleged that Defendants used excessive force against him and denied him adequate medical care in violation of his Eighth Amendment rights, and that the Warden and Defendants Frijas and Pollard retaliated against him for filing a grievance in violation of his First Amendment rights. *See generally id.*

On June 13, 2022, the District Court granted Plaintiff's request to proceed *in forma pauperis.* Dkt. No. 5. The District Court also conducted the preliminary screening required by 28 U.S.C. §§ 1915(e)(1) and 1915A(b). As to Plaintiff's Eighth Amendment claims, the District Court found that Plaintiff failed to state a claim for relief against the Warden and Defendants herein because he "fail[ed] to include specific factual allegations which describe how or when these officials were personally involved" in the events described in Plaintiff's complaint. *Id.* at 7-8. Plaintiff's Eighth Amendment claims against Does 1 through 8 survived screening. *Id.* at 9. As to Plaintiff's First Amendment claims, the District Court found that Plaintiff's allegations "[were] sufficient to state a plausible retaliation claim" against all defendants. *Id.* at 10-11. The District Court dismissed Plaintiff's Eighth Amendment claims, and instructed Plaintiff to either file an amended complaint or notify the Court that he intended to proceed with his complaint as filed. *Id.* at 12. The District Court explained that if Plaintiff chose the latter, he could pursue Eighth

---

[1] Defendants state in their Motion to Dismiss that, on information and belief, M. Pollard was the Warden of RJD at the time of the events giving rise to the Complaint. *See* Dkt. No. 15 at 4. However, as Plaintiff has identified M. Pollard and the Warden as separate individuals in his Complaint, the Court will treat them accordingly.

Amendment claims against the Doe defendants ***only***, and First Amendment claims against all defendants.  *Id.*

On June 23, 2022, Plaintiff filed a "Notice of Intent to Proceed with His Complaint as Filed."  Dkt. No. 6.  In response to the District Court's June 13, 2022 Order, Plaintiff declined to amend his complaint and confirmed that he "chooses to proceed as to his <u>Eighth Amendment</u> claims against defendants Does 1 to 8 and his <u>First Amendment</u> retaliation claim against RJD Warden, Frijas Pollard and John Does 1 to 8 only."  *Id.* at 1 (emphasis in original).  Plaintiff stated he intended to pursue discovery to learn the identities of the Doe defendants, and therefore requested that the Court proceed with service of his complaint upon the Warden and Defendants Frijas and Pollard by the U.S. Marshal, so that discovery could begin.  *Id.* at 1-2.

Having received Plaintiff's notice, on July 18, 2022, the District Court dismissed plaintiff's Eighth Amendment claims against the Warden, Frijas and Pollard, directed service of the complaint upon those defendants, and ordered them to respond to the complaint and any subsequent pleading plaintiff filed in which they were named as parties without awaiting further instruction or action from the Court.  Dkt. No. 7.

Defendants moved to dismiss the complaint on September 29, 2022.  Dkt. No. 15.  Plaintiff's FAC was mailed to the Court on October 10, 2022.  *See* Dkt. No. 26 at 9.  It was received by the Court on November 17, 2022 and docketed the same day.  *See id.* at 1, 13.

## II.
## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend his complaint once "as a matter of course" (*i.e.*, without prior leave of Court) within 21 days after being served with defendants' answer or a motion under Federal Rule of Civil Procedure 12.  *See* Fed. R. Civ. P. 15(a)(1).  An amended complaint

supersedes the original complaint.  *See CDK Global LLC v. Brnovich*, 16 F.4th 1266, 1274 (9th Cir. 2021); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (noting that "[a]s a general rule, when a plaintiff files an amended complaint, 'the amended complaint super[s]edes the original, the latter being treated thereafter as non-existent").

      Defendants' Motion to Dismiss was filed on September 29, 2022, and Plaintiff alleges he received the Motion and notice thereof on October 5, 2022.  *See* Dkt. No. 15, Dkt. No. 26 at 1.  Plaintiff's FAC was not received by the Court and docketed until November 17, 2022.  However, because Plaintiff is incarcerated and self-represented in this matter, the so-called "Prison Mailbox Rule" requires the Court to treat Plaintiff's filing as filed on the date he alleges he gave it to prison staff for mailing.  *See Wolff v. California*, 235 F.Supp.3d 1127, 1129 n.1 (C.D. Cal. 2017) (describing application of the rule) (citations omitted). Here, Plaintiff avers that he mailed his FAC to the Court on October 10, 2022.  Dkt. No. 26 at 9.  That date is comfortably within the 21-day time limit specified by Rule 15(a)(1)((B).  The Court therefore finds that Plaintiff's FAC was timely filed and is now the operative complaint in the Action.

      In their Motion to Dismiss, Defendants assert that Plaintiff failed to provide Pollard and Frijas of the basis of his claims against him because he failed to plead facts about specific actions taken by the Defendants individually that purportedly violated his First Amendment Rights.  *See* Dkt. No. 15 at 5-6.  Plaintiff states he filed his FAC "to address Defendants' concerns on their Motion to Dismiss."  Dkt. No. 26 at 1. Without making any findings as to whether Plaintiff's FAC states a claim against Defendants, the Court observes that the FAC is similar to Plaintiff's

///
///
///
///

initial complaint but purports to add facts related to Defendants' involvement in the events giving rise to Plaintiff's complaint.[2]

Rather than expend judicial resources resolving a Motion to Dismiss that pertains to a superseded complaint, the Court finds that the interests of judicial economy would be best served by requiring Defendants to address in the first instance whether Plaintiff's FAC obviates their concerns. *See De Souza v. Dawson Tech., Inc*., No. 21-CV-1103 JLS (MSB), 2022 WL 3006045, at *4 (S.D. Cal. July 28, 2022) (finding the "[p]arties' and the Court's resources" would not be well spent "deciding a Motion to Dismiss that is potentially obviated by" a forthcoming amendment to the complaint). For these reasons, the undersigned **RECOMMENDS** that the Motion to Dismiss be **DENIED AS MOOT**. The undersigned further **RECOMMENDS** that Defendants be ordered to respond to Plaintiff's FAC, whether by responsive pleading or renewed motion pursuant to Federal Rule of Civil Procedure, within 21 days of the date of the District Court's order disposing of the Motion to Dismiss. *See* Dkt. No. 7 at 5.

///
///
///
///
///
///
///

---

[2] Under the heading "Claim Two" in the FAC, Plaintiff includes allegations that relate to both his Eighth Amendment and First Amendment claims. The Court reminds Plaintiff that his Eighth Amendment claims against Pollard and Frijas have been dismissed. Dkt. Nos. 5, 7. As Plaintiff has acknowledged, his only claims against Defendants herein are for their alleged retaliation in violation of his First Amendment rights. *See* Dkt. No. 6.

## III.

## CONCLUSION

The undersigned Magistrate Judge respectfully submits this Report and Recommendation to the Honorable Todd W. Robinson, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.3. For the reasons stated above, the undersigned **RECOMMENDS** that the District Court issue an Order:

(1) Adopting this Report and Recommendation in its entirety;

(2) Denying Defendants' Motion to Dismiss [Dkt. No. 15] as moot; and

(3) Requiring Defendants Pollard and Frijas to respond to Plaintiff's First Amended Complaint [Dkt. No. 26] within 21 days of the date of the District Court's Order on the pending Motion to Dismiss.

**IT IS HEREBY ORDERED** that any objection to this Report and Recommendation must be filed with the Court and served on all parties by **December 30, 2022**. The document should be titled "Objections to Report and Recommendation." Failure to timely object may result in a waiver of the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: December 14, 2022

Hon. David D. Leshner
United States Magistrate Judge