UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William HEARN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RJD WARDEN, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-cv-0255-AGS-DDL<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF 30) AND DENYING MOTION TO DISMISS AS MOOT (ECF 15)** |

Defendants' motion to dismiss the complaint turns, in part, on the "prison mailbox" rule. The issue is whether the plaintiff-inmate timely delivered an amended complaint to prison staff. If so, the original complaint becomes a nullity, and the defense's motion to dismiss it must be denied as moot. If not, the original complaint is still operative, and the Court may proceed to the merits.

## BACKGROUND

Plaintiff-inmate William Hearn sued prison officials for various civil-rights claims. On September 29, 2022, defendants moved to dismiss the complaint. (ECF 15.) The parties dispute whether Hearn filed an amended complaint within the 21-day deadline for amending "as a matter of course." *See* Fed. R. Civ. P. 15(a)(1), 15(a)(1)(B). The magistrate judge found that the amended complaint was "timely filed" and so recommended denying the motion to dismiss "as moot." (ECF 30, at 4, 6.) The defense objected, and both sides submitted supplemental evidence on the disputed timing. (*See* ECF 31 & 32.)

According to Hearn, another inmate timely delivered Hearn's amended complaint at the correctional institution on October 10, 2022. (*See* ECF 26, at 9; ECF 32, at 1, 3.) Although the document was properly delivered, the "officer on duty" "forgot to write his badge number," and so the "envelope was return[ed] the next day" to the mailing inmate. (*See* ECF 32, at 1, 3.) It is unclear when Hearn learned of this. Because Hearn "had not received his endorse[d] copy request back," he feared "that the October 10, 2022 filing was not received by the court." (*Id*. at 1, 4.) So, on October 30, 2022—after the deadline

passed[1]—he "resubmitted a second copy" of the amended complaint. (*Id*. at 2.) The Court docketed it November 17, 2022. (ECF 26.)

The defendant prison officials take a different view of the evidence. By policy, when prison mail is delivered to the officer on duty, that officer must "write, on the back of the envelope, the date that they received the piece of mail." (ECF 31, at 6.) The docketed amended complaint here included the notation "10-30-22" on the back of its mailing envelope. (ECF 26, at 13.) Thus, the defense contends that the amended complaint was first handed to the duty officer on October 30, not October 10. (ECF 31, at 2, 6.)

## STANDARD OF REVIEW

When a party objects to a magistrate judge's recommendation on a dispositive pretrial motion, the district judge "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations." *Id*.; *see also* Fed. R. Civ. P. 72(b)(3). And the court "has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell,* 231 F.3d, 615, 621 (9th Cir. 2000).

## DISCUSSION

Within 21 days of service of a defendant's motion to dismiss, a plaintiff may amend the complaint "once as a matter of course." Fed. R. Civ. P. 15(a)(1), 15(a)(1)(B). A timely amended complaint "supersedes the original complaint" and moots any motions regarding that obsolete pleading. *See CDK Global LLC v. Brnovich*, 16 F.4th 1266, 1274 (9th Cir. 2021). The critical question here is whether plaintiff Hearn filed his amended complaint within this 21-day deadline.

---

[1] Hearn asserts that the motion to dismiss was served on October 5, 2022, which would make his 21-day deadline for amendment October 26. *See* Fed. R. Civ. P. 15(a)(1)(A); (ECF 26, at 1.)

      Under the "prison mailbox" rule, self-represented prisoners like Hearn "file" a pleading when they "deliver[] it to the prison authorities for forwarding to the court clerk." *See Douglas v. Noelle*, 567 F.3d 1103, 1106–07 (9th Cir. 2009). The rule also applies when one inmate delivers the pleading "on behalf of another prisoner to prison authorities for forwarding to the clerk of court." *See Hernandez v. Spearman*, 764 F.3d 1071, 1076 (9th Cir. 2014).

      In this case, another inmate has twice sworn under penalty of perjury that she placed Hearn's amended complaint in the prison mail system on October 10, 2022—well before the 21-day deadline. (*See* ECF 26, at 9; ECF 32, at 3.) These declarations shift "to the opposing party the burden of producing evidence in support of a contrary factual finding" as to the mailing date. *See Caldwell v. Amend*, 30 F.3d 1199, 1202–03 (9th Cir. 1994).

      To meet that burden, the defense offers the declaration of a prison litigation coordinator, who reviewed the evidence and concluded that Hearn's amended complaint was delivered to prison staff on October 30, 2022—after the deadline. (*See* ECF 31, at 6.) The coordinator explained that inmates "must hand their mail to the officer on duty," and then the officer "write[s], on the back of the envelope, the date that they received the piece of mail." (*Id*.) Because the back of Hearn's mailing envelope bears a handwritten date of "October 30, 2022," the coordinator deduced that it was "handed to a correctional officer" on that date and not earlier. (*Id*.; *see also* ECF 26, at 13 ("10-30-22" notation).)

      It is unclear whether this sort of circumstantial evidence trumps the mailing inmate's sworn declarations. *Compare Robiatti v. Martinez*, No. SACV 15–02149–MWF (KK), 2016 WL 10835983, at *2 n.4 (C.D. Cal. May 11, 2016) (finding "the constructive filing date" to be the date from the petitioner's declaration and third party's proof of service over the later date a prison official initialed on the envelope), *adopted*, 2018 WL 626223 (C.D. Cal. Jan. 29, 2018) *with Gleason v. Franklin*, No. CV 15-08380-CBM (DFM), 2020 WL 13664943, at *1 (C.D. Cal. Jun. 16, 2020) (finding the "legal filing date" to be the date on the envelope with the officer's initials, when accompanied by declarations that "the collecting officer initials and dates the back of the envelope" and that the rest of the

"outgoing mail log" was "consistent" with the initialed date, over the earlier date from the plaintiff's declaration and proof of service).

But this Court need not reach that issue, as Hearn provides additional evidence that undercuts the defense's circumstantial case. According to both Hearn and the mailing inmate, on October 30, 2022, Hearn "resent" the amended complaint because he feared "that the October 10, 2022 filing was not received by the court," especially "since he had not received his endorse[d] copy request back." (ECF 32, at 1, 3–4.) When an inmate "delivers a document to prison authorities" but it "is never filed by the court," the prisoner still "gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time." *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001). In *Huizar*, the inmate averred that he had delivered a petition to prison officials for mailing, waited "two months" without a response before following up, and ultimately "sent another copy" of the filing to the court. *Id*. at 1223–24. The Ninth Circuit ruled that these facts, "if proven, would show reasonable diligence" and require backdating the filing to the original mailing date. *Id*. at 1224. Hearn followed up even more promptly than the *Huizar* inmate and thus is entitled to the prison mailbox rule's benefits.

## CONCLUSION

Hearn's amendment as a matter of course was timely, superseding the original complaint. Thus, the magistrate judge's recommendation is adopted, and the motion to dismiss is **DENIED AS MOOT**. Within 21 days of the Court's ruling on Hearn's motion to file a second amended complaint (ECF 35), defendants must respond to the then-operative complaint.

Dated:  September 6, 2023

Hon. Andrew G. Schopler
United States District Judge