UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HEARN, CDCR #AS-7111,<br><br>                                    Plaintiff,<br><br>v.<br><br>RJD WARDEN, et al.,<br><br>                                    Defendants. | Case No.:  22-cv-255-AGS-DDL<br><br>**ORDER:**<br><br>**(1)DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE;**<br><br>**(2)GRANTING PLAINTIFF'S MOTION TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT AND SUMMONS VIA UNITED STATES MARSHALS SERVICE; and**<br><br>**(3)DEFERRING RULING ON DEFENDANTS' MOTION TO DISMISS**<br><br>**[Dkt. Nos. 54, 55]** |

Plaintiff William Hearn ("Plaintiff"), an inmate previously incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court

are (1) Plaintiff's Second Motion to Appoint Counsel ("Motion for Counsel") [Dkt. No. 54]; (2) Plaintiff's Motion to Effectuate Service of the Second Amended Complaint and Summons via the United States Marshals Service ("Motion for Service") [Dkt. No. 55]; and (3) Defendants M. Pollard and E. Frijas's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss") [Dkt. No. 59].  For the reasons that follow, the Court **DENIES** the Motion for Counsel; **GRANTS** the Motion for Service; and defers ruling on the Motion to Dismiss pending filing of a responsive pleading by the newly served Defendants.

## I.

## BACKGROUND

Plaintiff filed his original complaint on February 24, 2022, alleging that Defendants violated his rights under the First and Eighth Amendments to the United States Constitution.  *See generally* Dkt. No. 1.  Plaintiff concurrently moved to proceed *in forma pauperis.*  Dkt. No. 2.  By order dated June 13, 2022, the District Judge granted the *in forma pauperis* motion, dismissed some—but not all—of Plaintiff's claims pursuant to the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and directed service of the complaint by the United States Marshals Service ("USMS").  *See* Dkt. No. 5.

On September 29, 2022, Defendants M. Pollard and E. Frijas filed a motion to dismiss Plaintiff's original complaint.  Dkt. No. 15.  On October 20, 2022, Plaintiff filed his opposition to the motion to dismiss.  Dkt. No. 25.  On November 17, 2022, before briefing was complete on the first motion to dismiss, Plaintiff filed a First Amended Complaint and his first motion for appointment of counsel.  Dkt. Nos. 26, 27.  On December 2, 2022, the undersigned denied Plaintiff's motion for appointment of counsel without prejudice.  Dkt. No. 29 at 3-5.

On December 14, 2022, the undersigned issued a Report and Recommendation to the District Judge to deny the first motion to dismiss as moot in light of Plaintiff's filing of the First Amended Complaint.  Dkt. No. 30.  The parties filed briefing on Defendants'

objection to the Report and Recommendation. Dkt. Nos. 31, 32. Before the District Judge issued an order on the Report and Recommendation, Plaintiff filed a motion for leave to file a second amended complaint, a proposed second amended complaint, and a motion for an order directing service of the complaint by the USMS. Dkt. Nos. 34, 35, 36. On September 6, 2023, the District Judge issued an order adopting the Report and Recommendation; overruling Defendants' objection thereto and ruling that the First Amended Complaint superseded the original complaint; and denying the first motion to dismiss as moot. *See* Dkt. No. 40.

On September 11, 2023, the undersigned issued an order granting Plaintiff leave to file a second amended complaint; rejecting the proposed second amended complaint and directing Plaintiff to re-file a second amended complaint subject to specific requirements; and denying Plaintiff's motion for an order directing service by the USMS. *See generally* Dkt. No. 41. On October 19, 2023, Plaintiff filed a second version of the second amended complaint; a renewed motion for an order directing service of the complaint by the USMS; and a renewed motion for leave to file a second amended complaint. Dkt. Nos. 46, 47, 48. On November 8, 2023, the Court held a Status Conference to address Plaintiff's motions. On November 13, 2023, the Court issued an order striking the second version of Plaintiff's second amended complaint due to Plaintiff's failure to comply with the requirements set forth in the Court's September 11 order; denying as moot Plaintiff's renewed motion for leave to file a second amended complaint; and directing Plaintiff to file a second amended complaint that complied with the requirements of the September 11 order. Dkt. No. 52.

On November 30, 2023, Plaintiff filed the operative Second Amended Complaint, the instant Motion for Counsel, and the instant Motion for Service. Dkt. Nos. 53, 54, 55. On January 10, 2024, Defendants M. Pollard and E. Frijas filed an opposition to the Motion for Counsel and the instant Motion to Dismiss. Dkt. Nos. 58, 59.

/ / /

/ / /

/ / /

22-cv-255-AGS-DDL

## II.

## DISCUSSION

**A.    Plaintiff's Motion for Counsel**

"There is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994).  However, District Courts have discretion to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "That a *pro se* litigant may be better served with the assistance of counsel is not the test." *Okler v. MCC IMU Prison*, No. 3:18-cv-05458-RJB-TLF, 2019 WL 461143, at *1 (W.D. Wash. Feb. 5, 2019).  Instead, the Court "must determine whether . . . there is a likelihood of success on the merits" ***and*** whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014).  Neither factor is "dispositive" but "must be considered cumulatively." *Id*.

In the Court's order denying Plaintiff's first motion for appointment of counsel, the Court determined that "[a]t this early stage of the proceedings, there is no basis upon which the Court can predict Plaintiff's success at trial." Dkt. No. 29 at 3 (citation omitted).  The current procedural posture of the case does not differ significantly from where it was at the time of Plaintiff's first motion for appointment of counsel, and it remains too soon for the Court to predict Plaintiff's likelihood of success on the merits of his case.  Additionally, the Court addressed Plaintiff's ability to pursue his claims in the context of each of the six factors Plaintiff asserted in support of his motion for appointment of counsel, and which factors Plaintiff re-asserts in support of the instant Motion for Counsel.  *See id*. at 3-5; *see also* Dkt. No. 54 at 2.  In its prior order, the Court concluded that "none of the factors identified by Plaintiff, alone or in combination, demonstrate that he is unable to articulate his claims or advocate for himself in this action." Dkt. No. 29 at 5.  For the reasons stated as to each factor in the Court's prior order, the same remains true of the instant Motion for Counsel.  Accordingly, the Motion for Counsel is **DENIED WITHOUT PREJUDICE**.

**B.      Plaintiff's Motion for Service**

In the Second Amended Complaint, Plaintiff identifies three Doe Defendants by name as J. Cepeda, S. Mancilla Bravo, and I. Alfaro, all of whom Plaintiff alleges are correctional staff at Richard J. Donovan Correctional Facility.  Dkt. No. 53 at ¶ 2.  Plaintiff has requested that the Court issue an order directing "the U.S. Marshal to serve a copy of the Complaint and summons upon J. Cepeda, S. Mancilla Bravo, [and] I. Alfaro as directed by Hearn on the USM Form 285 provided, and to file executed waivers of personal service upon each of these Defendants with the Clerk of Court as soon as possible after their return."  Dkt. No. 55 at 2.  Given that Plaintiff has named new Defendants, service of the Second Amended Complaint and summons upon each new Defendant is required.  The Motion for Service is **GRANTED** as to service upon Defendants J. Cepeda, S. Mancilla Bravo, and I. Alfaro, subject to further instructions set forth herein.

**C.      Defendants M. Pollard and E. Frijas's Motion to Dismiss**

In light of the Court's Order directing service of the Second Amended Complaint upon the newly named Defendants, the Court defers ruling on the pending Motion to Dismiss filed by Defendants M. Pollard and E. Frijas.  Doing so allows time for service of the Second Amended Complaint upon the new Defendants and for the new Defendants to respond to the Second Amended Complaint.  At the present time, Plaintiff is directed not to file any response to the Motion to Dismiss filed by Defendants M. Pollard and E. Frijas. The Court will issue further instructions for briefing any motions after service of Second Amended Complaint and responses thereto have been completed.

**ORDER**

For the reasons set forth above, the Court **ORDERS** as follows:

1.      Plaintiff has not met his burden to establish exceptional circumstances warranting the appointment of counsel.  Plaintiff's Motion for Counsel [Dkt. No. 54] is therefore **DENIED WITHOUT PREJUDICE**.  Plaintiff may renew his request if his situation changes such that he can make the necessary showing that he is both

///

5

1    likely to succeed on the merits of his claims **and** unable to competently articulate

2    those claims. *Cano*, 739 F.3d at 1219.

3        2.    Plaintiff's Motion for Service by the United States Marshals Service is

4    **GRANTED** with respect to service of the Second Amended Complaint upon newly

5    named Defendants J. Cepeda, S. Mancilla Bravo, and I. Alfaro. The Court directs

6    as follows in order to effectuate service of the Second Amended Complaint:

7        a.  The Clerk of Court is **DIRECTED** to issue a summons as to

8    Plaintiff's Second Amended Complaint [Dkt. No. 53] upon

9    Defendants J. Cepeda, S. Mancilla Bravo, and I. Alfaro and to

10    forward the summons to Plaintiff along with a blank Form USM-

11    285 for each of these Defendants. In addition, the Clerk will provide

12    Plaintiff with a certified copy of this Order, certified copies of the

13    Second Amended Complaint, and a certified copy of the Court's

14    June 13, 2022, Order Granting Motion to Proceed *In Forma*

15    *Pauperis* [Dkt. No. 5] so that he may serve Defendants J. Cepeda,

16    S. Mancilla Bravo, and I. Alfaro. Upon receipt of this "IFP

17    Package," Plaintiff must complete the Form USM-285s as

18    completely and accurately as possible, ***including an address where***

19    ***each newly named Defendant may be served, pursuant to Civil***

20    ***Local Rule 4.1(c)***, and return them to the U.S. Marshal according to

21    the instructions the Clerk provides in the letter accompanying his

22    IFP Package.

23        b.  The U.S. Marshal is **ORDERED** to serve copies of the Second

24    Amended Complaint and summons upon Defendants J. Cepeda, S.

25    Mancilla Bravo, and I. Alfaro as directed by Plaintiff on the Form

26    USM-285s provided to him. All costs of that service will be

27    advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R.

28    Civ. P. 4(c)(3).

c. All new Defendants, once served, are **ORDERED** to respond to Plaintiff's Second Amended Complaint within the time period provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 42 U.S.C. § 1997e(g)(2).

d. After service has been effectuated by the U.S. Marshal, Plaintiff is **ORDERED** to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of Court a certificate stating the manner in which a true and correct copy of that document was served on Defendants or Defendants' counsel, and the date of service.  *See* CivLR 5.2.  Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants or Defendants' counsel may be disregarded.

e. Plaintiff need take no additional action in this case until after he has served all Defendants named in the Second Amended Complaint and they have had an opportunity to respond.

f. Defendants M. Pollard and E. Frijas shall not file any further response absent an order of the Court.

**IT IS SO ORDERED.**

Dated:  January 24, 2024

_____
Hon. David D. Leshner
United States Magistrate Judge

7