UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William HEARN,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RJD WARDEN, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 22-cv-0255-AGS-DDL<br><br>**ORDER ON OBJECTION REGARDING APPOINTED COUNSEL (ECF 67)** |

　　　The magistrate judge denied without prejudice plaintiff William Hearn's second motion to appoint counsel (ECF 61), and plaintiff objected (ECF 67). The Court may reconsider any pretrial matter when "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

　　　"[T]here is no absolute right to counsel in civil proceedings," *Hedges v. Resol. Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994), but the Court may appoint counsel for indigent persons under "exceptional circumstances," *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (cleaned up).

　　　The denial of Hearn's motion to appoint counsel was neither clearly erroneous nor contrary to law. The magistrate judge correctly determined that there was "no basis upon which the Court can predict Plaintiff's success at trial" at such an early stage in the proceedings. (ECF 61, at 4.) And the magistrate judge reasonably found that Hearn demonstrated his ability to articulate his claims, which do not appear complex, by filing coherent complaints, motions, and responses. (*Id.*) Plaintiff's objection is overruled.

Dated: February 28, 2024

　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Hon. Andrew G. Schopler
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge