UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William HEARN,<br><br>         Plaintiff,<br><br>v.<br><br>RJD WARDEN, et al.,<br><br>         Defendants. | Case No.: 22-cv-0255-AGS-DDL<br><br>**ORDER ON OBJECTIONS REGARDING APPOINTED COUNSEL AND THIRD AMENDED COMPLAINT (ECF 72)** |

  The magistrate judge denied plaintiff William Hearn's third motion to appoint counsel and motion to file a third amended complaint. (ECF 63, 65.) Plaintiff objected. (ECF 72.) A district judge may "reconsider any pretrial matter" when "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "[T]here is no absolute right to counsel in civil proceedings," *Hedges v. Resolution Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994), so the magistrate judge's denial was not contrary to law. And the clearly erroneous standard is very high: "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Computer Econ., Inc. v. Gartner Grp.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999).

  To appoint counsel, plaintiff must show "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (cleaned up).

  Because the case is still in its infancy, the magistrate judge correctly determined that "it is simply too soon to predict Plaintiff's likelihood of success on the merits." (ECF 71, at 3.) In his objection, Hearn sets out a laundry list of circumstances he argues are exceptional: "[p]laintiff's limited education," his "mental illness," his "hearing impairment," his inability "to interview witness[es]," his inability "to view video footage,"

his "reading" and "writing difficulties," his "lack of access to inmate legal assistants," and his "on-going transfers." (ECF 72, at 2.) But Hearn offers no evidence of the extent of his education, mental illness, or other impairments. (*See, e.g.*, ECF 61, at 1–2.) And the fact that his incarceration makes discovery or the review of evidence more difficult is not an exceptional circumstance. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (denying a finding of exceptional circumstances because "[m]ost actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case"); *Suarez v. Clark*, No. 122CV00160JLTSABPC, 2024 WL 477982, at *1 (E.D. Cal. Jan. 25, 2024) ("[T]he Court has repeatedly held incarceration's challenges on litigation do not constitute an exceptional circumstance."). More importantly, the Court agrees with the magistrate judge's conclusion that Hearn has so far demonstrated his ability to articulate his claims, which do not appear complex, by "successfully fil[ing] three iterations of his complaint" and amending his complaint to "identify two former Doe Defendants by name." (ECF 71, at 3.) Hearn's objection to the denial of appointed counsel is overruled.

Hearn's objection to the denial of his motion to amend the complaint fares no better. The magistrate judge noted that "the court should freely give leave to amend a pleading when justice so requires," and credited the leniency provided to unrepresented plaintiffs. (ECF 71, at 4 (quoting Fed. R. Civ. P. 15(a)(2)).) But the magistrate judge also correctly pointed out that despite the "extreme liberality" courts apply, amendment should be denied when it "would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." (*Id.* (first quoting *Moss v. United States Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009), then quoting *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999).)

Five months ago, Hearn filed a second amended complaint and then—before newly named defendants were served—moved to file a third amended complaint. (*See* ECF 53, 65.) The magistrate judge reasonably found that "[a]llowing Plaintiff to file a third amended complaint before the newly named Defendants have been served . . . would

require service by the [U.S. Marshals Service] . . . to restart." (ECF 71, at 5.) And now, even though waivers of service of the second amended complaint have been filed, the magistrate judge was correct in finding that "amending the complaint before all Defendants have had a chance to respond to the Second Amended Complaint may prove to be futile." (*Id.*) So the magistrate judge did not err in denying Hearn's motion for leave to amend as "premature" since allowing as much would "likely result in delay of the case." (*Id.*) Hearn's objections are overruled.

Dated:  May 8, 2024

Hon. Andrew G. Schopler
United States District Judge